**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

IN RE: :
RAYMOND L. UPSHAW                    Case No. 3:06MC00011
                              :
                                     District Judge Walter Herbert Rice
                              :      Magistrate Judge Sharon L. Ovington

**REPORT AND RECOMMENDATIONS[1]**

**I.   INTRODUCTION**

Petitioner Raymond L. Upshaw brings this case *pro se*. Liberally construing Upshaw's filings in his favor, he either seeks a writ of habeas corpus under 28 U.S.C. §2254 or he raises claims under 42 U.S.C. §1983. Broadly stated, Upshaw challenges his present confinement in the Clark County, Ohio Jail, and the state-court determination that he is not competent to stand trial, and his past and pending confinement at the Twin Valley Behavioral Health Care Center ("Twin Valley"). *See* Doc. #s 1, 4, 5.

This case is before the Court upon Upshaw's Motion for a Fair and Speedy Trial (Doc. #4), his Motion for Reply (Doc. #5), the record as a whole, and for a determination of whether it plainly appears from the face of Upshaw's Petition and other filings that he is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. To the extent Upshaw also raises claims under 42 U.S.C. §1983, the Court has reviewed his claims to determine if they are "frivolous, malicious, or fails to state a claim upon which

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

relief can be granted." 28 U.S.C. §1915A(b)(1); *see Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also Neitzke v. Williams,* 490 U.S. 319, 324 (1989)

## II. BACKGROUND

Legal research reveals two recent state criminal appeals concerning Upshaw: *State of Ohio v. Raymond Upshaw*, 166 Ohio App.3d 95 (2006) and *State of Ohio v. Upshaw*, 110 Ohio St.3d 189 (2006). The Ohio Court of Appeals' decision sheds light on the procedural background of Upshaw's present confinement in the Clark County, Ohio Jail. The Ohio Court of Appeals explained:

> On September 26, 2004, an indictment was filed in Clark County Common Pleas Court, charging Raymond Upshaw with two counts of felonious assault and one count of abduction, all with firearm specifications. Subsequently, on November 12, 2004, Upshaw's attorney, a public defender, filed a motion asking that Upshaw be examined for competency. The trial court then filed an order on March 8, 2005, finding that Upshaw suffered from severe mental disease and was not competent to stand trial. Based on this finding, the court ordered Upshaw to be committed to Twin Valley for competency restoration.
>
> \* \* \*
>
> [O]n May 25, 2005, Twin Valley sent the trial judge a letter requesting a court order for forced medication.... [T]he trial judge set the matter for hearing on June 7, 2005.... On June 2, [Upshaw's attorney Adelina] Hamilton ... filed a motion to reschedule the hearing either for later in the day on June 7, or for another day and time.... The trial court overruled the motion the same day that it was filed, without explanation.

166 Ohio App.3d at 98-99. Attorney Hamilton did not appear at the beginning of the hearing, and the trial judge waited some time before starting the hearing without her. The only witness who appeared at the hearing, Dr. Bloom from Twin Valley, testified that she had met with Upshaw, that he was psychotic with delusions, that his psychotic disorder could be helped with multi-modal treatment, and that her expertise was medication. 166 Ohio App.3d at 99.

2

At this point in the hearing, attorney John Scaccia appeared and thereafter represented Upshaw. With Scaccia present, Dr. Bloom continued to testify. She stated "that she had not been able to give Upshaw any medications because he had refused to take them. She also said that if medications were administered, a chance existed that Upshaw could be restored to competency. However, she did not discuss any specific medications, did not outline the possible side effects, and did not outline a particular course of treatment. 166 Ohio App.3d at 99.

Before attorney Scaccia began to cross-examine Dr. Bloom, he submitted a motion for continuance stating that he had not had time to subpoena Upshaw's treating psychiatrist Dr. Crystal Osborne "due to the short time that remained between finding Osborne and completing the investigation of potential testimony." 166 Ohio App.3d at 99. The trial judge did not yet rule on Scaccia's motion for continuance, but permitted Scaccia to conduct a lengthy cross-examination of Dr. Bloom. During this cross-examination, the trial judge prohibited Scaccia from revisiting the issue of whether Upshaw was competent to stand trial. 166 Ohio App.3d at 99.

After Scaccia concluded his cross-examination, the State rested without calling any further witness. Scaccia then renewed his motion for continuance, informing the trial judge that he wanted to present Dr. Osborne's testimony but she was not able to appear at that time. The trial judge overruled the motion for continuance and issued a ruling on the record permitting Upshaw to be forcefully medicated. 166 Ohio App.3d at 100. The Ohio Court of Appeals explained the trial court's ruling as follows:

> In its ruling, the court noted Dr. Bloom's statement that Upshaw suffered from psychosis. The court found that [Dr.] Bloom needed considerable latitude to treat Upshaw as she deemed appropriate. In addition, the court concluded that there was evidence indicating that Upshaw was a violent person. In particular,

3

> the court relied on the grand jury indictment, which was based on probable cause to believe that Upshaw had committed felonious assault and abduction with a firearm. Finally, the court noted that Dr. Bloom, not the court, had the expertise to decide which medications were appropriate....

166 Ohio App.3d at 100.

The trial judge then denied attorney Scaccia's request for a stay. "The next day (June 8, 2005), the trial court filed an order granting Twin Valley authority to prescribe any combination of thirty-three medications listed in 'Exhibit A' that was attached to the order...." *Id*.

On June 9, 2005, the Ohio Court of Appeals granted Upshaw's motion to stay the forced medication order. *Id*.

On April 7, 2006, the Ohio Court of Appeals issued a decision vacating the forced medication order, finding that the trial judge had not made any findings required under *Sell v. United States*, 539 U.S. 166, 123 S.Ct. 2174, 156 L.ed.2d 197 (2003). The Ohio Court of Appeals explained in part:

> As just one example, the court failed to make any findings about the side effects of the proposed medicines. The record also fails to contain evidence about what medications Twin Valley planned to use and the side effects, if any, of those medications. 'Exhibit A' to the trial court entry simply lists thirty-three medications that Twin Valley proposed using, with no indications of what specific medicines or combination of medicines were going to be administered. And..., Dr. Bloom gave no indication of what medicines would be used or their potential side effect....

166 Ohio App.3d at 102-03. The Ohio Court of Appeals thus reversed the forced medication order and remanded the case to the trial court for further proceedings. 166 Ohio App.3d at 103.

The Ohio Court of Appeals also held that the trial court abused its discretion by denying attorney Scaccia's motion for continuance to present the testimony of Upshaw's treating psychiatrist Dr. Osborne. 166 Ohio App.3d at 103. The Ohio Court of Appeals thus reversed

4

and remanded the case to the trial court for further proceedings "so that Dr. Osborne may offer testimony to assist the court in determining whether the forced medication request should be granted." 166 Ohio App.3d at 104.

### III.  UPSHAW'S PRESENT CASE

In July 2006 Upshaw filed the present case claiming that he has been denied his right to a fair and speedy trial due to the actions of the Clark County Criminal Justice Council. (Doc. #s 1, 4, 5). His filings describe what occurred during the pending state criminal proceedings against him.  His most recent Motion states in part:

> Today Aug. 30[,] 2006 in the Clark County Common Pleas Court I was found in criminal contempt, given 30 days in jail and a $250.00 fine.
>
> I was sentenced back to the Twin Valley Behavioral Health Care ... for a competency reevaluation...

(Doc. #5 at 2).  Upshaw further explains in part:

> When the judge sentenced me to [Twin Valley] I asked him how long it would be before I went there, I told him that I had already been locked up for almost 17 months.  He said it was my fault because I went on a hunger strike and wouldn't go along with the program.  I told him that I was a victim of the Clark County Criminal Justice Counsel CCCJC, that I was framed by City Hall to keep me in jail and away from the Commission meetings and that the Public Defender were working against us, one of them is even going to be at state witness against his own client.  The judge read me a letter he wrote me Jul[y]-12-06 and found me in criminal contempt of court....  I am not permitted to say anything negative against or defend myself against the CCCJC.

(Doc. #5 at 2-3).  These statements are followed by others indicating some of Upshaw's mental or emotional struggles, consistent with Dr. Bloom's testimony before the trial judge, *see supra*, §II.  For example, Upshaw states that it took him "hours or even days to write a letter or appeal because every sentence had to be approved by the spirits using my thoughts and senses to

5

communicate. I am one of the Prophets Nostradamus Predicted (the ONE Long awaited that will never return. The Last Prophet.)" (Doc. #5 at 3).

## IV. ANALYSIS

At the outset of this miscellaneous case, the Court directed Upshaw to either file completed habeas corpus forms or otherwise file a Motion setting forth the specific relief he seeks from this Court. (Doc. #2). In response Upshaw filed his Motion for Fair and Speedy Trial (Doc. #4) and a Motion for Reply (Doc. #5).

It remains unclear whether Upshaw seeks to raise a habeas corpus case under 28 U.S.C. §2254 or whether he seeks to raise claims under 42 U.S.C. §1983. Regardless of which type of case this is, Upshaw's claims presently fail.

Considering this as a habeas corpus case, Upshaw has not exhausted his state remedies. Before this Court may reach the merits of any claim Upshaw seeks to raise by way of a habeas corpus Petition, he must fairly present his claims to the Ohio courts. "It has been settled since *Ex parte Royall*, 117 U.S. 241 (1886) that a state prisoner must normally exhaust available state remedies before a federal court will entertain his Petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002). The exhaustion requirement, now codified in 28 U.S.C. §2254(b) and refined in §2254(c), states, "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." Thus, a Petitioner exhausts his or her claims by fully and fairly presenting them to the state courts, including the state's highest court. *Stanford v. Parker*, 266 F.3d 442, 451 (6th

Cir. 2001).

In Ohio, to properly exhaust habeas claims, a Petitioner must raise them in direct or delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court.  *See Fields v. Bagley*, 275 F.3d 478, 482-83 (6th Cir. 2001); *see also Mackey v. Koloski*, 413 F.2d 1019, 1020-21 (6th Cir. 1969); *cf. State v. Robinson*, 101 Ohio App.3d 238, 239-40 (1995)('virtually everyone who entered a guilty plea now has a right to appeal in light of the changes to App. R. 5.").  A Petitioner may also be required to bring certain claims in a Petition for post-conviction relief under Ohio Rev. Code §2953.21.  *See Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Upshaw's filings do not indicate that he has challenged in either the Ohio Court of Appeals or the Ohio Supreme Court, his current incarceration in the Clark County Jail or the trial judge's contempt Order or the trial judge's Order requiring Upshaw's future (and apparently imminent) confinement at Twin Valley.  It also appears that Upshaw has not presented the state trial court with any federal constitutional claim based on a claimed denial of his rights to a fair and speedy trial.  Upshaw has also not raised, at least since his appeal of the forced medication order, any federal constitutional claim in the Ohio Court of Appeals or the Ohio Supreme Court. Requiring such appeals will not be futile in this case, as demonstrated by the success Upshaw had on his appeal of the forced medication order, *see supra*, §II, which tends to show that Upshaw has so far received the core due process requirements – notice and an opportunity to be heard – in the Ohio courts.  Whether Upshaw is entitled to a speedier trial, to a release from his present incarceration, or to relief from the trial judge's order again confining Upshaw at Twin Valley, constitute issues that must be resolved by the Ohio courts in the first instance before they

7

may be subject to federal habeas review under 28 U.S.C. §2254.  *See Picard*, 404 U.S. at 275; *see also Alley*, 307 F.3d at 385.

To the extent Upshaw seeks to raise claims under 42 U.S.C. §1983, his claims are not yet cognizable.  Again, accepting as true Upshaw's *pro se* allegations and liberally construing them in his favor, *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995), he seeks to challenge the validity of his confinement both at the Clark County Jail and at Twin Valley.  Before obtaining damages for any violation of his federal constitutional rights in connection with his confinement, Upshaw must show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by the Ohio Court of Appeals or the Ohio Supreme Court. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Until one of events occurs, Upshaw's claims are not cognizable under §1983.  *See Heck*, 512 U.S. at 486-87; *see also Wood v. Balisok*, 520 U.S. 641, 648 (1997).

Accordingly, because Upshaw has not exhausted his federal constitutional claims in the Ohio courts, it plainly the appears from the face of his filings that he is not presently entitled to relief under 28 U.S.C. §2254.  To the extent Upshaw seeks relief under 42 U.S.C. §1983, he raises presently non-cognizable claims, and his pleadings and filings are consequently subject to dismissal under 28 U.S.C. §1915A(b)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1. To the extent Upshaw has filed a Petition for a Writ of Habeas Corpus, his Petition be DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

2. To the extent Upshaw raises claims under 42 U.S.C. §1983, such claims be DISMISSED under 28 U.S.C. §1915A)(b)(1);

3. Upshaw's Motion for Fair and Speedy Trial (Doc. #4) be DENIED;

4. Upshaw's Motion for Reply (Doc. #5) be DENIED; and

5. The case be terminated on the docket of this Court.

September 22, 2006

                                                   <u>s/ Sharon L. Ovington</u>
                                                     Sharon L. Ovington
                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).